## Matter of Hoffman

*Robert E. Bull*, for Commonwealth.

*Smith, Eves & Keller*, for guardian.

KREISHER, P. J., January 10, 1966.—Harry E. Hoffman, aged 63 years, of Bloomsburg has been unable to work for several years at his trade as a carpenter. His wife, Louise, aged 38, is an out-patient at the Danville State Hospital and unemployed. Six children ranging in ages from five to 13 live in the house. Their public

assistance budget is in the amount of $135 every two weeks.

John T. Hoffman, a nine-year-old son, was injured in an automobile accident on May 29, 1964, and some months thereafter the case was settled with court approval. The settlement provided for payment of the special damages, payment of the parents' claim and payment of $1,000 to the Bloomsburg Bank-Columbia Trust Company, the guardian of John, for possible future medical expenses, since he received head injuries and possible brain damage.

The assistance budget designates $33.75 per month allowance for said son, and the Commonwealth has now filed a petition in the orphans' court requesting the court to direct the guardian to reimburse the Commonwealth in the amount of $589.50 for assistance granted said son from the date of the accident until the present time.

The court granted a rule on the parties to show cause why the prayer of the petition should not be granted and fixed a hearing date. At the hearing, the Commonwealth presented its claim and rested. Both the guardian and the father of the injured son appeared and testified. The testimony has now been transcribed, so the matter is before us for disposition.

The Support Law of June 24, 1937, P. L. 2045, sec. 1, as amended August 13, 1963, P. L. 682, 62 PS §1974-(a) provides:

"(a) Except as limited by subsection (c) hereof, the real and personal property of any person shall be liable for the expenses of his support, maintenance, assistance and burial, and for the expenses . . . of the spouse and unemancipated minor children of such property owner, incurred by any public body or public agency, if such property was owned during the time such expenses were incurred, or if a right or cause of action existed during the time such expenses were in-

curred from which the ownership of such property resulted. Any public body or public agency may sue the owner of such property for moneys so expended, and any judgment obtained shall be a lien upon the said real estate of such person and be collected as other judgments, except as to the real and personal property comprising the home and furnishings of such person, which home shall be subject to the lien of such judgment but shall not be the subject to execution on such judgment during the lifetime of the person, surviving spouse, or dependent children".

In the Matter of Ackerman, 25 D. & C. 2d 166, the court held, on page 168, that:

"There seems to be no question that the Commonwealth is entitled to reimbursement for the money advanced to the mother of this minor on his behalf while he had an estate in existence in the hands of a guardian".

The court granted the prayer of the petition under the authority of the above-quoted act; however, in that case there were no appearances by the parent or guardian and no mention of any extenuating circumstances. Neither does the court mention the provision of the act which states: "Any public body or public agency may sue the owner of such property for moneys so expended, and any judgment obtained shall be a lien, etc". Our view of this provision contemplates that the claim must be reduced to judgment, and the court has no authority to enter such a summary finding.

The last sentence of the act saves the home and furnishings from execution during the lifetime of the recipients, which indicates an exception and some leniency from the absolute common-law obligation of reimbursement.

In the present case, the guardian asks to be discharged if the prayer of the petition is granted, because the future monthly payments would shortly exhaust

the fund. The father testified his son is still under treatment, and this sum was set aside with departmental approval at the time of settlement for possible future medical expenses.

This minor is not quite 10 years of age, and the fund is under court supervision for at least 11 more years, and any withdrawal during this time would require court approval, so the fund is not going to disappear.

The Commonwealth's diligence is to be commended, but, under the facts of this case, we conclude the Commonwealth is not only premature in its timing but also the procedure followed is not authorized by law.

ORDER OF COURT

And now, to wit, January 10, 1966, it is ordered and decreed that the rule heretofore issued be and the same is hereby dismissed. Exception noted. The costs are placed upon the County of Columbia.