## Commonwealth v. First National Bank of Berwick

*Robert E. Bull*, for plaintiff.

*J. Arnold Crisman*, for defendant.

KREISHER, P. J., September 17, 1971.—On February 16, 1971 upon presentation of plaintiff's petition and attached exhibit, the court issued a rule upon defendant, guardian of a minor born May 23, 1962, to show cause why petitioner should not be reimbursed for public assistance granted on behalf of said minor. The guardianship arose as a result of a court settlement in the amount of $4,162.25 of a personal injury claim of said minor after being involved in an automobile accident. The exhibit shows total assistance granted to a family of seven in the amount of $4,172.60 and makes claim for one-seventh in the amount of $596.08. The petition also seeks reimbursement for all future grants until the fund is exhausted.

Counsel for defendant filed an answer admitting the facts, but denying liability, so the matter is now

before the court for disposition under Pennsylvania Rule of Civil Procedure 209.

The very same issue came before this court in 1965, Matter of Hoffman, 38 D. & C. 2d 577, and the rule was discharged for the reasons stated in the opinion.

Section 401 of the Public Welfare Code of June 13, 1967, 62 PS §401, declares the legislative intent to "promote the welfare and happiness of all the people of the Commonwealth, by providing public assistance to all of its needy and distressed; that assistance shall be administered promptly and humanely with due regard for the preservation of family life, and without discrimination on account of race, religion or political affiliation; and that assistance shall be administered in such a way and manner as to encourage self-respect, self-dependency and the desire to be a good citizen and useful to society."

In addition to the procedural defects of the proceeding as set forth in the Hoffman case, it is difficult to envision much welfare or happiness to a permanently injured child by taking from that child a small fund reserved for future medical expenses, expecially when the amount claimed is not liquidated or proven. The rights of the State rise no higher than that of an individual and the same rules of procedure and evidence apply to both parties with equal force.

The courts of Philadelphia dismissed a like claim in the recent case of Perkins v. Yellow Cab Co., 49 D. & C. 2d 297.

## ORDER OF COURT

And now, September 17, 1971, it is ordered and decreed that the rule heretofore issued be and the same is hereby dismissed and discharged. Costs are placed upon the County of Columbia. Exception noted.