## Katie Mason, Appellant, v. Commonwealth of Pennsylvania, Department of Public Welfare, Appellee.

Argued February 8, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Judd F. Crosby,* with him *Michael A. Nemec,* for appellant.

*Darius G. C. Moss,* Assistant Attorney General, with him *Marx S. Leopold,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 26, 1974:

This is an appeal from an adjudication and order of the Department of Public Welfare (Department) withholding the payment of public assistance benefits. The Department requested Katie Mason (appellant) to sign a Public Assistance Form 176-K, captioned as an Agreement and Authorization to Pay Claim. Appellant refused to sign the form and as a result thereof she received a notice from the Department dated April 26, 1973 stating that beginning May 29, 1973 her 14-year-old daughter, Kim Mason, would be removed from the assistance grant and the 2-week grant for herself and six children would be lowered from $137.80 to $114.07. Appellant is separated from her husband.

Kim Mason was injured in an automobile accident on October 27, 1970. A settlement for her personal injuries was approved by the Court of Common Pleas of

Allegheny County and, by order of that court under date of March 21, 1973, the sum of $4,666.67 was distributed to "Claude Mason, Guardian for Kim Mason, a Minor, for Deposit in a Certificate's Deposit in the Dollar Savings Bank, Pittsburgh, Pennsylvania, in the name of the minor to be withdrawn only upon Order of Court or upon minor achieving her majority."

By an adjudication dated June 26, 1973, a Department Hearing Officer upheld the decision of the Allegheny County Board of Assistance to remove Kim Mason from the assistance grant paid to appellant because of appellant's refusal to sign the Department's form 176-K. This adjudication resulted in a reduction of appellant's food stamp allotment and the removal of Kim Mason from full medical assistance coverage.

The Department has a regulation[1] which requires assistance recipients who possess tort and workmen's compensation claims, who have the right to receive support payments, social security, unemployment, sick or retirement benefits, or who hold other similar types of personal property, to sign the Department's Form PA 176-K, which contains an assignment of these rights, claims, or property and a confession of judgment, as security for the promise to repay assistance payments.

This appeal is taken pursuant to the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, 71 P.S. §1710.1 et seq. Section 44 of that Act, 71 P.S. §1710.44, provides that "[a]fter hearing, the court shall affirm the adjudication unless it shall find that the same . . . is not in accordance with law, . . . or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substan-

---

[1] The regulations requiring execution of the PA 176-K form are found in the Department of Welfare Public Assistance Manual at §§3822, 3822.1 and 3822.3.

tial evidence." "Substantial evidence" means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Pennsylvania Labor Relations Board v. Kaufmann Department Stores, Inc.*, 345 Pa. 398, 29 A. 2d 90 (1942).

We conclude that here the Department's adjudication is not in accordance with law and impinges on Kim Mason's due process rights as provided to her under the Fourteenth Amendment of the United States Constitution. The Department contends that this case is controlled by *Charleston v. Wohlgemuth*, 332 F. Supp. 1175 (E.D. Pa. 1971), *aff'd mem.*, 405 U.S. 970, 92 S. Ct. 1204, 31 L. Ed. 2d 246 (1972). In *Charleston*, relying on *Snell v. Wyman*, 393 U.S. 323, 89 S. Ct. 553, 21 L. Ed. 2d 511 (1969), *aff'g* 281 F. Supp. 853 (S.D.N.Y. 1968), the Department's form 176-K was held not to be in conflict with the federal Social Security Act in that it imposed a condition of eligibility beyond that of need and dependency. It was further held that this form and the mandating regulations did not violate the equal protection or due process clause of the Fourteenth Amendment.

However, in *Charleston* it was the mother (Mrs. Coleman) of seven minor children who was injured in a motor vehicle accident, and she was requested and refused to sign the 176-K form assigning *her* personal injury claim. Here, it was the daughter who was injured in a motor vehicle accident, and the mother is requested to sign the form *assigning not the mother's but the daughter's property.* In addition—and most significant—the daughter's property cannot be considered in any manner to be under the mother's control and domain since it is, by proper court order, in the name of a guardian *who is not the mother of the minor* and subject to withdrawal only upon court order or the minor's achieving her majority.

The Department and hearing examiner continually and erroneously state that Kim Mason may not receive assistance because her guardian refuses to sign form 176-K, but the record clearly establishes that it was the mother, not the guardian of Kim Mason, who was requested and who refused to sign the form. The appellant specifically asserted in her request for a hearing before the examiner that she was "not her [Kim's] guardian over the settlement." The court order named a guardian other than appellant and conclusively established the correctness of appellant's disclaimer of any control over the daughter's trust funds.

The application of the Department's regulation that, if the owner of the damage award settlement is a minor and the guardian refuses to sign the Department's form 176-K, assistance is not granted to the minor child, to the fact situation in this case, where the mother—not the guardian of the child—refuses to sign the required form, is an error of law. Such an incorrect application of the Department's regulations totally distinguishes this case from *Charleston v. Wohlgemuth, supra.*

The Department has available to it the remedy of petitioning the Court of Common Pleas of Allegheny County, Orphans' Court Division, requesting payment to it of the funds in the control of the guardian, or of bringing suit pursuant to Section 4 of The Support Law, Act of June 24, 1937, P. L. 2045, as amended, 62 P.S. §1974. *Commonwealth v. First National Bank of Berwick,* 54 Pa. D. & C. 2d 48 (1971) ; *Perkins v. Yellow Cab Company,* 49 Pa. D. & C. 2d 297 (1970) ; *Matter of Hoffman,* 38 Pa. D. & C. 2d 577 (1966).

The Department's diligence may be commendable, but, under the facts of this case, we conclude the Department not only requested the wrong person to sign PA Form 176-K but failed to pursue legally acceptable remedies available to it.

We therefore make the following

## ORDER

Now, this 26th day of March, 1974, the appeal of Katie Mason is sustained, and the adjudication and order of the Department of Public Welfare removing Kim Mason from the assistance grant is reversed, the computation of restored assistance for Kim Mason to be made from May 29, 1973.