## Ryan v. Hockinberry

*Edward O. Spotts*, for plaintiffs.

*Weis & Weis*, for defendant.

*C. Francis Fisher*, for Commonwealth.

BROSKY, J., March 1, 1967. — On July 4, 1959, between the hours of 10 and 11 p.m., William E. Ryan, Jr., together with his father, William E. Ryan, Sr. and his brother, Ricky Ryan, were walking on Edgecliff Road in Lower Burrell Township and were caused to receive injuries by the reckless and negligent operation of an automobile driven by George Hockinberry.

On November 13, 1963, plaintiffs filed a petition which led to an order of court distributing the proceeds of a settlement in the sum of $10,000 as to William E. Ryan, Jr. The court approved the settlement of said minor plaintiff's claim and distributed the proceeds thereof as follows:

| | |
|---|---:|
| Plaintiff's counsel | $ 4,000.00 |
| Citizens General Hospital | 3,729.40 |
| Dr. S. C. Fleegler | 485.00 |
| Pennsylvania Department of Public Welfare | 1,204.86 |
| William E. Ryan, Sr. in trust for William E. Ryan, Jr. | 580.74 |
| | $10,000.00 |

The sum of $1,204.86, distributed under said order to the Pennsylvania Department of Public Welfare, covered the amount of assistance paid in respect to William E. Ryan, Jr., from July 7, 1959, to November 18, 1963.

By four separate orders of court, William E. Ryan, Sr. has been permitted to withdraw from the trust fund for William E. Ryan, Jr.'s needs the sum of $335, leaving a balance of $245.74.

In November, 1966, the Pennsylvania Department of Public Welfare filed a petition in this court for the payment of a claim, verified by a claim agent of said department, seeking to collect an unpaid balance of $151.27. Said petition clearly should be denied.

The Act of September 26, 1951, P. L. 1455, sec. 2, since amended, 62 PS §1974, provided:

"(a) The real and personal property of any person shall be liable for the expenses of his support, maintenance, assistance . . . incurred by any public body or public agency, if such property was owned during the time such expenses were incurred, or if a right or cause of action existed during the time such expenses were incurred from which the ownership of such property resulted. Any public body or public agency may sue the owner of such property for moneys so expended, and any judgment obtained shall be a lien upon the real estate of such person."

Section 5 of the Act of June 24, 1937, P. L. 2045, 62 PS §1975, provides:

"(a) Whenever any person shall become a public charge or receive public assistance, the public body or public agency caring for or furnishing such assistance may sue for and recover any sum of money due such person;

"(b) Such suit shall be brought in the name of such person for the use of such public body or public agency. Proof that the person to whom such money is due became a public charge, or was publicly assisted, shall be conclusive of the right to recover whatever may be legally due to such person. If the amount due shall have been reduced to judgment, the public body or public agency may be substituted as plaintiff in

the judgment. If the sum due is founded on an order or decree of court, the public body or public agency shall have the right to recover the same."

In Abernathy v. Chester County Tax Claim Bureau, 26 D. & C. 2d 292, the Department of Public Assistance asserted that an order or decree entered on its petition would cause the sum due to be founded on such order and decree, and thus entitle it to recover in the petition type of proceeding. The court in said case found that there was no statutory authority, to proceed for recovery in a court of common pleas except as provided in section 5(a) and (b) of the 1937 act, supra, and that the common pleas court had no general jurisdiction of an action for recovery of public assistance money except in assumpsit against the indigent persons or their representatives.

And in Schellhamer Estate, 30 D. & C. 2d 675, the question involved was whether the Department of Public Welfare was entitled to reimbursement from the proceeds of a tort claim when the public assistance was given after her injury, but prior to the date her case was settled. The court stated therein that since the 1951 amendment, the Commonwealth was entitled to recovery of expenses incurred where a right or cause of action existed from which ownership of the property resulted and, the minor having become of age, the court ordered and decreed that the Commonwealth was to be substituted to her rights in the balance for distribution and directed her guardian to pay the sum of $158.96 to the Pennsylvania Department of Welfare.

In the present instance, the sum sought by the Department of Public Welfare was for a period of months after the settlement of the action in which William E. Ryan, Jr. sought damages from George Hockinberry. The settlement, as set forth in the order of November 13, 1963, placed $580.74 in the hands of

William E. Ryan, Sr. in trust for William E. Ryan, Jr., who is now 12 years old. The present jurisdiction by this court in respect to said trust fund is limited to supervision of trustee's purposes in withdrawals, as is shown by the aforementioned orders of court.

The petition by the Commonwealth is, accordingly, not proper procedure under section 5 of the Act of 1937, supra, which provides that the public agency caring for or furnishing assistance to a receiver of public assistance may sue for and recover any sum of money due such person in a suit which shall be brought in the name of such person for the use of such public body or public agency, and if the amount due shall have been reduced to judgment, the public body agency may be substituted as plaintiff in the judgment.

ORDER OF COURT

And now, to wit, March 1, 1967, it is ordered and decreed that the petition of the Commonwealth of Pennsylvania by the Department of Public Welfare for payment of a claim for public assistance is denied.