## Perkins v. Yellow Cab Company

*David Wachtel*, for petitioner.
*Elliot B. Platt*, contra.

CAVANAUGH, J., March 31, 1970.—On October 5, 1959, Johnnie Perkins, then eight years of age, was struck and injured by a Yellow Cab. On December 15, 1959, a complaint in trespass was filed, and on December 30, 1964, a minor's settlement was approved by the Hon. Byron Milner, of the Common Pleas Court. At the direction of the court, plaintiff's natural guardian was named as trustee, and a fund, in the amount of $1,747.10, was deposited in a savings account " '[n]ot to be withdrawn until the minor shall have reached his majority' unless otherwise directed by the court."

On February 6, 1969, the Commonwealth of Pennsylvania, Department of Public Welfare, filed a petition pursuant to section 5 of The Support Law of Pennsylvania of June 24, 1937, P. L. 2045, as amended, 62 PS §1975. The petition prayed that $2,619.29 be awarded the department from plaintiff's trust fund for reimbursement for public assistance granted "between October of 1949 and July 5, 1968." After careful review of the procedural effect of section 5 of The Support Law, this court in an opinion and order dated September 22, 1969, dismissed the Commonwealth's petition and rule, holding that the procedural effect of section 5 is to require that "the Commonwealth's claim for reimbursement must first be reduced to judgment in an independent action before the petition can be filed under Section 5 of the Support Law of 1937."

Initially, the sole question presented this court was whether the remedial provisions of section 5 could be invoked by petition and rule. Accordingly, in order to facilitate determination of that issue, it was assumed that section 5 was the proper manner of invoking the Commonwealth's claim for reimbursement. On reargument, however, it becomes apparent that the instant case does not come within the provisions of section 5. Section 5 of The Support Act of 1937 is entitled "Recovery of moneys due persons publicly cared for or assisted." Section 4 of The Support Act, 62 PS §1974, is entitled "Property of persons liable for expenses incurred for support and assistance." Notwithstanding the fact that the money is held in trust for Johnnie Perkins, still it would seem that it is no longer "due" him. In my view, section 5 was meant for claims the recipient may have against a third party, which have not yet been satisfied. However, once the claim has been reduced to judgment and paid, or, as here, settled and paid to the recipient or his guardian, it is no longer "due" within the meaning of section 5. Moreover, section 4 provides for the precise situation before the court: "if such property was owned during the time such expenses were incurred, or if a right or cause of action existed during the time such expenses were incurred from which the *ownership of such property resulted*": 62 PS §1974(a) (Italics supplied.)

In the instant case, the assistance was granted during the time Johnnie Perkins was disabled as a result of the injuries he sustained when struck by the Yellow Cab. Therefore, the cause of action, which resulted in the contested fund, existed at the time the expenses were incurred. Accordingly, this court is now presented with the question of whether the Commonwealth may invoke the remedial provisions of section 4 by the petition and rule procedure alone.

Section 4 provides, in part:

". . . Any public body or public agency may *sue* the owner of such property for moneys so expended, and any judgment obtained shall be a lien upon the said real estate of such person and be collected as other *judgments*, except as to the real and personal property comprising the home and furnishings of such person, . . ." 62 PS § 1974(a) (Italics supplied.)

A literal reading of the statute leads inescapably to the conclusion that a suit to judgment is required. The Commonwealth, however, argues that the legislature never intended any such restriction. Their argument, as I understand it, is two-fold: First, that the word "sue" encompasses petition and rule; and, secondly, that petition and rule is proper since other courts, under similar circumstances, have permitted reimbursement without a judgment.

Black's Law Dictionary defines the word "sue" broadly: "[t]o commence or to continue legal proceedings for the recovery of a right;" indeed, even our own Supreme Court has given broad application to the word "sue." Cf. In re Grape Street, 103 Pa. 121 (1883). Notwithstanding the broad interpretation often given the word "sue," I am convinced that the legislature intended a more restrictive meaning in this instance. Had the legislature intended to include petition and rule as a means of enforcing the right of action created by section 4, they no doubt would have so provided. See Abernathy v. Chester County Tax Claim Bureau, 26 D. & C. 2d 292 (1961). Section 3 of The Support Law of 1937, 62 PS § 1973, which provides for liability of relatives for the support of indigents, specifically provides for petition and rule; and that section of The Support Law was passed at the same time as section 4. Thus, the legislature was clearly cognizant of the procedural distinction. Moreover, it is clear that in creating the right

of action embodied in section 4, the legislature also intended to create a special remedy. Thus, the "judgment," obtained under section 4, unlike other judgments, specifically prohibits execution against the home and furnishings during the lifetime of the assisted person, surviving spouse or dependent children. It is clear, of course, that the word "judgment" does not encompass an order pursuant to a petition and rule; and, therefore, the restrictive language would apply only to section 4 judgments against the person rendered assistance. Accordingly, the logical conclusion of the Commonwealth's position is that in using the word "sue," the legislature intended to include petition and rule and suit to judgment as alternative procedures, but that it intended to restrict judgments only. In my view, the legislature never intended such an anomaly; rather, the legislature intended to create a right of action, which could be enforced only by suit to judgment. See Matter of Hoffman, 38 D. & C. 2d 577 (1966).

Nor am I persuaded by the Commonwealth's second argument, that this court should allow reimbursement by petition and rule because other courts have done so in the past. In the first place, those decisions cited by the Commonwealth are readily distinguishable from the instant case. Primarily, the authority cited by the Commonwealth to support its contention consists of decisions in the Orphans' Court, which has considerably broader jurisdiction and discretion than does the Common Pleas Court in such matters. Cf. Stoner Estate, 358 Pa. 252 (1948); 20 PS 2080, 704-06. As such, this court can give little weight to those decisions. Moreover, in Schellhamer Estate, 30 D. & C. 2d 675 (C. P. Luzerne County, 1962), the sole Common Pleas case cited by the Commonwealth, the issue of procedural propriety of petition and rule under section 4 was not raised. Finally, in Matter of

Hoffman, supra, the court, in precisely the same situation as in the present case, specifically required a suit to judgment prior to reimbursement under section 4. After carefully weighing all relevant factors, this court is persuaded that Hoffman represents the proper view of the procedural requirements of section 4.

It is clear on the face of it, that the Department of Public Welfare is entitled to be reimbursed the moneys expended in behalf of Johnnie Perkins. However, I am compelled to conclude that section 4 of The Support Law of 1937 requires a suit to judgment.

For the foregoing reasons, the Commonwealth's petition and rule is discharged.