## Long v. Rockwood Insurance Company

*Marvin H. Levin,*, for petitioner.
*Alfred Sarowitz,*, for respondent.

GELFAND, *J.,* April 13, 1978 — This matter comes before the court on the petition of Frank Long (hereinafter called "petitioner") to compel the

Rockwood Insurance Company (hereinafter called "respondent") to pay basic loss benefits allegedly overdue, together with interest and reasonable attorney's fees, pursuant to the provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act[1] (hereinafter called "the No-fault Act").

The record indicates the following:

Petitioner suffered injuries when the motor vehicle he was operating was struck by another vehicle on August 25, 1976, as a result of which petitioner alleges he incurred $1,060 in medical costs and $4,136 in lost wages.

Petitioner sought to recover said losses from respondent as an insured under an automobile insurance policy issued by respondent to Bernice Long, with whom petitioner is related and resides.

Inasmuch as respondent has failed to compensate him for losses he claims under the terms of the policy, petitioner commenced this action by petition and rule, seeking payment of the aforementioned benefits, together with interest at 18 percent per annum on the overdue benefits, in addition to a reasonable attorney's fee of $400.

The petition was filed with the prothonotary on September 1, 1977, to which respondent filed its answer and thereafter argument was heard, at which time the following issues were raised:

I. Whether a claim to recover unpaid no-fault medical and wage loss benefits, interest, and attorney's fee can be commenced by petition and rule.

II. Whether petitioner has established that benefits under the No-fault Act are overdue.

---

1. Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq.

## I.

The general rule in this Commonwealth is that actions must be commenced in accordance with the Rules of Civil Procedure: Hartmann v. Peterson, 438 Pa. 291, 265 A. 2d 127 (1970); Com. v. Livingood, 22 Pa. Commonwealth Ct. 530, 349 A. 2d 816 (1976). This encompasses a summons, a complaint or an agreement for an amicable action.[2]

However, exceptions to the general rule exist and an alternative process may sometimes be used to commence an action when the legislature establishes a specific procedure therefor: Com. v. Dauphin County, 354 Pa. 556, 47 A. 2d 807 (1946); Com. v. Livingood, supra; Com. v. Derry Twp., 10 Commonwealth Ct. 619, 314 A. 2d 868 (1973). Specifically, a petition and rule may be utilized as original process where a statute so authorizes: Pennsylvania Crime Comm. Petitions, 446 Pa. 152, 285 A. 2d 494 (1971); Com. v. Derry Twp., supra. See, e.g., Act of May 22, 1935, P.L. 228, sec. 1, 12 P.S. §847 (declaratory judgments); Act of June 4, 1901, P.L. 404, sec. 7, 39 P.S. §31 (insolvency proceedings).

The sections of the No-fault Act pertaining to the issues involved herein provide as follows:

"If no-fault benefits have not been paid for loss arising otherwise than from death, *an action therefor may be commenced* not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, which ever is earlier. If no-fault benefits have

2. See Pa.R.C.P. 1007.

been paid for loss arising otherwise than from death, *an action for further benefits,* other than survivor's benefits, by either the same or another claimant; *may be commenced* not later than two years after the last payment of benefits." §106(c)(1), 40 P.S. §1009.106(c)(1). (Emphasis supplied.)

*"After a hearing upon application* by any interested person and reasonable notice to all other interested persons, and upon findings supported by evidence, a court of competent jurisdiction may enter an order determining that an obligor of basic loss benefits applicable to an injury is responsible, subject to the limits and other terms and conditions of the coverage, for the cost of a specified procedure or treatment for rehabilitation to which the injured person has submitted or does thereafter submit." §404(a), 40 P.S. §1009.404(a). (Emphasis supplied.)

Analysis of the entire act, including these two sections, indicates that the only reference regarding institution of proceedings for an unpaid claim for no-fault benefits are the words "action" and "hearing upon application." In order to determine what is meant thereby we must resort to the rules of statutory construction and the purposes of the No-fault Act.

The object of statutory construction is to ascertain and effectuate the intention of the General Assembly: Leach v. Philadelphia Sav. Fund Soc., 234 Pa. Superior Ct. 486, 340 A. 2d 491 (1975); Statutory Construction Act of November 25, 1972, 1 Pa.C.S.A. §1921(a). Every statute shall be construed, if possible, to give effect to all of its provisions. "'The Legislature cannot be deemed to intend that its language be superfluous and without import.'" Triumph Hosiery Mills, Inc. v. Com., 469

Pa. 92, 364 A. 2d 919, 921 (1976); Statutory Construction Act of 1972, 1 Pa.C.S.A. §1921(a).

When the words of the statute appear to be inexplicit, as in the instant case, the intention of the General Assembly may be ascertained by considering, among other things, the occasion and necessity of the statute, the mischief to be remedied, and the object to be obtained: Pennsylvania Labor Rel. Bd. v. State College Area School Dist., 461 Pa. 494, 337 A. 2d 262 (1975); Statutory Construction Act of 1972, 1 Pa.C.S.A. §1921(c).

In addition, we are directed to construe the provisions of the No-fault Act liberally to effect its objects and to promote justice: Statutory Construction Act of 1972, 1 Pa.C.S.A. §1928(c).

The No-fault Act itself provides some indicia of the legislature's intent. In section 102(a) of the act,[3] the General Assembly made legislative findings which illuminate the occasion and necessity of the statute and the mischief to be remedied. Among other things, the legislature found that "it is necessary and proper to have a Statewide low-cost, comprehensive, and fair system of compensating and restoring motor vehicle accident victims and the survivors of deceased victims." It further found that a system of insurance law which assures every victim of payment of all his basic medical and rehabilitation costs, and recovery of a reasonable amount of work loss, replacement services and survivor's loss, without the delays occasioned by the need to determine fault is such a low-cost, comprehensive and fair system.

Based upon its findings the General Assembly asserted its policy to be "to establish at reasonable

3. 40 P.S. §1009.102(a).

cost to the purchaser of insurance, a Statewide system of *prompt and adequate basic loss benefits* for motor vehicle accident victims and the survivors of deceased victims." §102(b), 40 P.S. §1009.102(b). (Emphasis supplied.)

Underscoring its object of providing prompt payments, the legislature stipulated that the designated "benefits are payable monthly as loss accrues . . . [and] . . . are overdue if not paid within thirty days after the receipt by the obligor of each submission of reasonable proof of the fact and amount of loss sustained." §106(a), 40 P.S. §1009.106(a).

In order to enforce these provisions for prompt payment, the act then provides that "[o]verdue payments bear interest at the rate of eighteen per cent (18%) per annum." §106(a)(2), 40 P.S. §1009.106(a)(2).

It is our view that the intent of the legislature as expressed in its findings, declared purpose, and provisions for prompt payment of no-fault benefits is to permit a claimant to proceed against an obligor-carrier in a relatively speedy and inexpensive manner to compel prompt payment. The commencement of a claim by petition and rule would accomplish these ends.

An examination of the words used in the procedural sections of the statute quoted hereinbefore lends additional credence to this conclusion.

The act in section 106(c)[4] utilizes the phrase "an action" in setting forth the time within which a claim may be commenced, and the Statutory Construction Act defines "action" as "[a]ny suit or proceeding in any court of this Commonwealth." 1 Pa.C.S.A. §1991. This definition would appear to

---

4. 40. P.S. §1009.106(c).

permit the institution of a claim either by petition and rule or by complaint in conformity with Pa.R.C.P. 1007.

This conclusion is buttressed by section 404(a),[5] which provides that a court may enter an order compelling payment of basic loss benefits for the cost of a specified procedure or treatment for rehabilitation "[a]fter a hearing *upon application* by any interested person and reasonable notice to all other interested persons." (Emphasis supplied.) Similar use of the word "application" in the Clean Streams Law of June 22, 1937, P.L. 1987, as amended, 35 P.S. §691.210, has been held to authorize commencement of a proceeding to enforce that act by petition: Com. v. Derry Twp., supra.

Accordingly, we find that allowing a claimant to commence a suit by petition to compel payment of medical expenses comports with the intention of the legislature, gives effect to the provisions of the act, and is consistent with recognized usage of words utilized in the No-fault Act.

Work loss benefits are indistinguishable from the benefits for medical expenses described in section 404. Both are basic loss benefits as defined by the No-fault Act; both are essential recoverable items envisioned by the General Assembly; and both are objects of the legislative policy of providing prompt and adequate benefits: §§102, 103, 40 P.S. §§1009.102, 103.

Thus, although the act fails to set forth a section pertaining to overdue work loss benefits similar to section 404(a) (medical benefits), nevertheless, we are irresistibly impelled by the force of logic and the reasons given hereinbefore to hold that payment of

---

5. 40 P.S. §1009.404(a).

overdue work loss benefits may similarly be compelled in an action commenced by petition and rule.

If we decided otherwise, the stated purpose of the act as to prompt payment would be frustrated and we would fail to achieve the goals of the No-fault Act. Under such circumstances a claimant of work loss benefits would have to litigate his claim in accordance with Pa.R.C.P. 1007, which could subject him to great delay and expense. In addition, if we were to decide otherwise, it would lead to the absurd result that the same claimant might find it necessary to proceed by two different types of actions for different types of basic loss benefits arising out of the same occurrence.

Hence, we find that allowing a claimant for work loss benefits to proceed by petition and rule comports with the legislative intent expressed in the No-fault Act.

It is noteworthy that to allow petitioner to commence this action by petition and rule is entirely without prejudice to the rights of respondent. As our Supreme Court has stated regarding another action commenced by petition, "The answer to the petition (or preliminary objections thereto . . . ) can raise any proper defense or objection which the responding party may have." Pennsylvania Crime Comm. Petitions, supra at 160.

It should further be noted that nothing in this opinion is intended to preclude a claimant of such benefits from bringing an action in accordance with Pa.R.C.P. 1007, if such is considered desirable.

## II.

Petitioner seeks to compel respondent to pay the following allegedly overdue basic loss benefits:

Medical Expenses incurred

| | |
|---|---:|
| Dr. J. W. Hallett | $ 70.00 |
| Dr. William Simon | 371.00 |
| Dr. A. Zellis | 25.00 |
| Dr. Nathan Schlezinger | 150.00 |
| Presbyterian Hospital | 398.00 |
| Madonick Opticians | 46.00 |
| TOTAL | $1,060.00 |
| Lost Wages (to Aug. 31, 1977) | $4,136.00 |

In addition, petitioner seeks interest and attorney's fees as provided in section 106 and 107 of the act, respectively: 40 P.S. §§1009.106, 107.

However, respondent is obliged to pay the medical expenses and work loss benefits claimed herein only if petitioner's alleged economic detriment has resulted from an injury arising out of the maintenance or use of a motor vehicle;[6] and, even then, only if other factual requisites set out in the statute are met.

Section 404 allows a court to enter an order for payment of the medical benefits described therein only *upon findings supported by evidence:*

"(1) that the specified course of procedure or treatment, whether or not involving surgery, is recognized and acceptable medically or is acceptable nonmedical remedial Christian Science treatment and care;

"(2) that it has contributed or will contribute substantially to rehabilitation; and

"(3) that the cost of such procedure or treatment is reasonable in relation to its probable rehabilitative effects." 40 P.S. §1009.404.

Also, in connection with work loss, the court must

---

6. See the definitions of "basic loss benefits," "net loss," "los ," and "allowable expen' in §103, 40 P.S. §1009.103.

be able to make a finding that claimant lost gross income as calculated according to the provisions of the act: §103, 40 P.S. §1009.103. See also §§202, 205, 40 P.S. §§1009.202, 205.

Further, no action may be brought for work loss benefits until they are overdue, which generally occurs only "if not paid within thirty days after the receipt by the obligor of each submission of reasonable proof of the fact and amount of loss sustained . . ." §106(a)(2), 40 P.S. §1009.106(a)(2).

Similarly, a court may approve a claimant's request for interest only if the basic loss benefits are overdue, §106(a)(2), 40 P.S. §1009.106(a)(2); and, attorney's fees may be granted only upon proof "that the obligor has denied the claim or any significant part thereof without reasonable foundation," and only if such fees are "reasonable . . . based upon actual time expended." §107(3), 40 P.S. §1009.107(3).

Respondent herein has raised issues of fact concerning essential elements of each of petitioner's claims. It has contested as to whether the medical bills are causally related to the accident or are unpaid. Further, respondent claims that no reasonable proof of work loss was ever submitted as required by the act; hence, any such work loss benefits which may be owed are not overdue. Also a factual issue also exists as to reasonableness of the attorney's fees.

Accordingly, since there are disputes of fact as to whether basic loss benefits (medical benefits and work loss benefits), interest and attorney's fees are owed to petitioner, this court cannot resolve these issues of fact merely upon consideration of the petition and answer but requires the aid of depositions.

Therefore, having determined that this action

brought by petition and rule is properly before us, and having further determined that this court cannot resolve the matter without depositions, we are compelled to make the following

ORDER

And now, April 13, 1978, this court hereby orders and decrees that leave is granted for petitioner and respondent to take depositions in connection herewith, and all such depositions must be completed within 45 days hereof. At the end of that time either party may file a praecipe with the clerk of motion court ordering the cause for argument; and, in the event no depositions are taken regarding disputed issues of fact, any averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted.