## Cywinski v. Nationwide Insurance Co.

*Charles S. Lieberman*, for plaintiff.
*James Haggerty*, for defendant.

GELFAND, *J.*, November 4, 1982—And now, November 4, 1982, upon consideration of the preliminary objections filed by Nationwide Insurance Company, (hereinafter Nationwide) answer thereto filed by Thaddeus A. Cywinski and Eugenia Cywinski, (hereinafter Cywinski) and Memoranda of Law in connection therewith, it is hereby ordered and decreed that the preliminary objection of Nationwide which seeks to preclude Cywinski from instituting a claim for rehabilitation costs by petition and rule is denied, and the preliminary objection of Nationwide which seeks to preclude Cywinski from instituting a claim for replacement services by petition and rule is granted without prejudice to the right of the latter to institute a claim for such benefits in accordance with Pa. R.C.P. 1007 within 20 days hereof.

Further, Nationwide shall have 20 days from the date of this order to answer that portion of petitioners' petition for No-fault benefits which seeks rehabilitation benefits.

It is further ordered and decreed that the request of Cywinski for attorney's fees and costs are denied without prejudice to the right to seek same when appropriate after further hearing.

## MEMORANDUM OPINION

The matter before this court is the preliminary objections of Nationwide Insurance Company, (hereinafter Nationwide) to a petition for No-fault benefits, attorney fees, interest and costs filed by claimants Thaddeus and Eugenia Cywinski, (hereinafter Cywinski).

The said objections are in the nature of a motion to strike for lack of conformity to Pennsylvania Rule of Civil Procedure 1007.[1]

The record herein indicates that claimant, Eugenia Cywinski, was involved in a motor vehicle accident on November 7, 1979, as a result of which she alleges that she incurred expenses for rehabilitation and replacement services;[2] and, that she sought to recover such expenses from Nationwide as its insured pursuant to the No-fault features of an automobile insurance policy issued by Nationwide.

However, Nationwide failed to compensate her for the above indicated losses; and, as a consequence, a proceeding was instituted by Cywinski through a petition and rule in order to obtain payment of the aforementioned benefits, together with interest, attorney fees and costs.

In its preliminary objections, Nationwide alleges that the matter involved here should be an action in assumpsit to enforce a contract or an action in

---

1. Pa.R.C.P. 1007 provides:

An action may be commenced by filing with the prothonotary

(1) a praecipe for a writ of summons

(2) a complaint, or

(3) an agreement for an amicable action.

2. See Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, Art. IV, §103, §202, §404, §405. [40 Pa.C.S.A. §1009 §103, §202, §404, §405].

equity for specific performance which should be pursued by the filing of a summons or complaint in accordance with Pa.R.C.P. 1007.

Nationwide claims that the precepts of Floczak v. Nationwide Insurance Co., (hereinafter Floczak), 289 Pa. Super. 438; 433 A. 2d 885 (1981) indicate that Pa.R.C.P. 1007 provides the sole and exclusive means of commencing an action; and that the use of a petition is permissible only in certain instances where an action is already pending.

Further, Nationwide claims that even if the No-fault Motor Vehicle Insurance Act, (hereinafter No-fault Act)[3] does authorize the petition and rule procedure for the limited purpose of obtaining rehabilitation treatment pursuant to sections 404 and 405 of same, such does not encompass replacement services; and, that replacement services must be obtained through Section 202C of the No-fault Act[4] which requires an action to be commenced by means of a summons or complaint in keeping with Pa.R.C.P. 1007.

However, Cywinski contends that the use of the

---

3. No-fault Motor Vehicle Insurance Act—Act of July 19, 1974, P.L. 489, 40 Pa.C.S.A. § 1009 ff.

4. The No-fault Act defines "Replacement Services Loss" as follows:

§ 202 Basic loss benefits

(a) Allowable expense limits—Allowable expense, as defined in section 103 of this act shall be provided or the equivalent in the form of a contract to provide for services required.

(b) Work Loss limits—. . .

(c) Replacement services losses.—Replacement services loss, as defined in section 103 shall be provided up to a daily maximum of twenty-five dollars ($25) for an aggregate period of one year.

(d) Survivors losses—. . .

(e) Deductibles; waiting period—. . .

language "make application" in Article IV, Sections 404A and 405A of the No-fault Act permits the use of petition and rule for the purpose of commencing proceedings to obtain rehabilitation benefits.[5]

For reasons hereinafter indicated, it is our view that an application for rehabilitation benefits may be commenced by petition and rule; and, to the extent that the herein petition does encompass such rehabilitation benefits we do agree with Cywinski.

This court believes that the reliance of Nationwide on the Floczak case is misplaced with regard to rehabilitation benefits since the matter involved therein was a claim for basic wage-loss benefits and medical costs for which an "action" must be instituted[6] and not for rehabilitation benefits for which

---

5. See No-fault Motor Vehicle Insurance Act, Art IV, §404 (a) and 405(a).

§404(a) Court Order—*After a hearing upon application by any interested person* and reasonable notice to all other interested persons, and upon findings supported by evidence, a court of competent jurisdiction may enter an order determining that an obligor of basic loss benefits applicable to an injury is responsible, subject to the limits and other terms and conditions of the coverage, for the cost of a specified procedure or treatment for rehabilitation to which the injured person has submitted or does thereafter submit.

§405(a) Court Order—*After a hearing upon application by any interested person* and reasonable notice to all other interested persons, and upon finding supported by evidence, a court of competent jurisdiction may enter an order determining that an obligor of basic loss benefits applicable to an injury is responsible, subject to the limits and other terms and conditions of the coverage, for the cost of a specified course of rehabilitative occupational training that the injured person has taken or does thereafter take. (Emphasis added.)

6. See the No-fault Motor Vehicle Insurance Act, §106(c) (1) (2) which provides as follows:

Time limitations on actions to recover benefits.—

(1) If no-fault benefits have not been paid for loss arising

an "application" may be used. Further, although our Superior Court did hold that the use of the word "action" indicated a clear legislative intent to require that claims for basic wage-loss benefits and medical costs be commenced by summons or complaint, said court did not determine or delineate with precision the meaning of the word "application" in connection with rehabilitation benefits.

Hence, since the Floczak case dealt with basic work-loss benefits and medical costs, for which benefits "an action . . . may be commenced" and not with rehabilitation costs for which a "hearing upon application may be held," it is our view that the said case is inapposite in connection with claims for rehabilitation costs.

Further, while the court in Floczak did recognize

---

otherwise than from death, *an action* therefor may be commenced *not* later than two years after the victim suffers the loss and either *knows*, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, *an action* for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits.

(2) If no-fault benefits have not been paid to the deceased victim or his survivor or survivors, *an action* for survivor's benefits may be commenced not later than one year after the death or four years after the accident from which death results, whichever is earlier. If survivor's benefits have been paid to any survivor, an action for further survivor's benefits by either the same or another claimant may be commenced not later than two years after the last payment of benefits. If no-fault benefits have been paid for loss suffered by a victim before his death resulting from the injury, *an action* for survivor's benefits may be commenced not later than one year after the death or six years after the last payment of benefits, whichever is earlier . . . (Emphasis added.)

the propriety of the petition and rule procedure to recover rehabilitation benefits subsequent to the commencement of suit by complaint, there is nothing in the holding of said court which establishes that such is the exclusive means to seek such benefits, nor which precludes a petition from being utilized to commence an application for rehabilitation costs.

Accordingly, as hereinbefore indicated, it is our view that Floczak is neither dispositive nor controlling with respect to the manner for commencing a claim for rehabilitation benefits under the No-fault Act.

Although the general rule in this Commonwealth is that proceedings must be commenced in accordance with the Rules of Civil Procedure, Hartmann v. Peterson, 438 Pa. 291, 265 A. 2d 127 (1970), Com. v. Livingood, 22 Pa. Commw. 530, 349 A. 2d 816 (1976), exceptions exist and an alternative process may sometimes be used to institute a claim when the Legislature establishes a specific procedure therefor. Com. v. Dauphin County, 354 Pa. 556, 47 A. 2d 807 (1946); Com. v. Livingood, supra; Com. v. Derry Twp., 10 Pa. Commw. 619, 314 A. 2d 874 (1973).

Specifically, a petition and rule may be utilized as original process where a statute so authorizes. Pennsylvania Crime Comm. Petitions, 446 Pa. 152, 285 A. 2d 494 (1971); Com. v. Derry Twp., supra. See, e.g., Act of May 22, 1935, P.L. 228, §1, 12 P.S. §847 (declaratory judgments); Act of June 4, 1901, P.L. 404, §7, 39 P.S. §31 (insolvency proceedings).

Analysis of the entire No-fault Act indicates that the only reference regarding institution of proceedings for an unpaid claim for No-fault benefits are the words "action" and "hearing upon application." In order to determine what is meant thereby we

must resort to the rules of statutory construction and the purposes of the No-fault Act.

The object of statutory construction is to ascertain and effectuate the intention of the General Assembly. Leach v. Philadelphia Sav. Fund Soc., 234 Pa. Super 486, 340 A. 2d 491 (1975); Statutory Construction Act of 1972, 1 P.S. § 1921(a). Every statute shall be construed, if possible, to give effect to all of its provisions. "The Legislature cannot be deemed to intend that its language be superfluous and without import." Triumph Hosiery Mills, Inc. v. Com., 469 Pa. 92, 364 A. 2d 919, 921 (1976); Statutory Construction Act of 1972, 1 P.S. § 1921(c).

Hence, since Sections 404(a) and 405(a) of the No-fault Act provide that a court may enter an order compelling payment of basic loss benefits for the cost of a specified procedure or treatment for rehabilitation "after a hearing *upon application* by any interested person and reasonable notice to all other interested persons," such language cannot be deemed to be "superfluous and without import." (Emphasis added.)

Similar use of the word application in the Clean Stream Act[7] has been held to authorize commencement of a proceeding to enforce that act by petition. See Com. v. Derry Twp., 10 Commw. 619, 314 A. 2d 874 (1973).

It is our view that if the legislature had intended that a claim for rehabilitation benefits should be commenced by an "action" it would have so indicated as it did when dealing with other No-fault benefits in Sections 106(c)(1) and 106(c) (2) of the No-fault Act.

It is apparent that the legislature was aware of the distinction between an "application" and an

---

7. See 35 P.S. § 691.210.

18

"action"; and, consequently, provided for the use of each mode as the manner in which to pursue a claim for different types of benefits, i.e., rehabilitation costs vis-a-vis other No-fault benefits.

Accordingly, this court will not dismiss as superfluous or without import the clear meaning of the words "upon application" when used in the context of rehabilitation benefits; and, we do find that a claim for same may be instituted by petition and rule.

However, replacement service losses unlike rehabilitation benefits do not fall within the ambit of article IV; but, rather same is encompassed within those basic loss benefits set forth in §202(c) of the No-fault Act for which an "action" must be commenced.

Accordingly, to the extent that Cywinski seeks replacement service benefits, same must be obtained in accordance with Pa.R.C.P. 1007, which requires a summons or complaint.

Accordingly, on this date, November 4, 1982, for all the foregoing reasons we did enter the order as hereinbefore indicated.