## Dozer Agency, Inc., v. Rosenberg

*Berman, Richard & Brian*, for plaintiff.
*Paul R. Sand*, for defendant.

DIGGINS, J., August 25, 1960.—This action having been begun by a petition for preliminary injunction upon which a rule to show cause was issued on July 25, 1960, returnable July 27, 1960, counsel for defendant objected to the jurisdiction on the ground that a mere petition was not proper, not informative enough and left defendant open to serious curtailment without a full chance to contest the action.

Because, in spite of the present equity rules, it has been the practice in this court to hold a hearing on a petition for preliminary injunction, the chancellor overruled the objections and proceeded to take testimony. However, the force of authority seems to indicate that while the word "petition" is used in Pa. R. C. P. 1531 as a permissive form, it means that the petition may be used after the action is started by summons, complaint or agreement.

In the taking of testimony, the advisability of having had a formal complaint became apparent and the chancellor encountered difficulty in conducting the hearing and did not hear all of the witnesses. An examination of the practice in Delaware County indicates that in the majority of cases, these matters are begun by complaint properly served, followed by petition and rule. There are some exceptions. We think it is now necessary that the practice generally conform to that approved in Pennsylvania.

The notes to Goodrich-Amram regarding this suggest a misinterpretation, on occasion followed in Delaware County, placed on rule 1531(a), in Beter v. Helman, 41 Westmoreland 7 (1959) :

". . . The court misinterpreted Rule 1531(a), in holding that the reference to 'petition' means that the *action* may be started by petition. The assumpsit practice, incorporated by Rule 1501, authorizes only summons, complaint or agreement. Petition is excluded. The purpose of the reference to 'petition' in Rule 1531-

(a) is to point out that, *after* the action is started by complaint, the plaintiff may file a petition for a 'preliminary or special injunction.' In the complaint, the plaintiff, of course, seeks permanent relief; he may, however, also seek preliminary and temporary relief. This he may request by the complaint itself or by a petition supplementary to the complaint. A rule, such as Rule 1531, which is confined only to preliminary injunction practice, cannot regulate the pleadings with respect to the permanent relief."

We therefore make the following

### Order

And now, to wit, August 25, 1960, the rule to show cause heretofore entered is dismissed without prejudice and leave is granted to plaintiff to renew the action in proper form.