## Hartmann v. Peterson, Appellant.

Argued January 28, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Jack Brian,* with him *John M. Gallagher, Jr.,* and *Richard, Brian & DiSanti,* for appellant.

*Murray S. Eckell,* with him *Eckell, Sparks & Monte,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 4, 1970:

Appellee attempted to bring this action in equity by a petition to the court below for a rule to show cause why the appellant should not be enjoined from taking her elected office as Commissioner for the Selection of Jurors for the County of Delaware. The gravamen of appellee's petition was that appellant, during her primary election campaign, had made certain improper promises in the form of cash and services to the Democratic Party of Delaware County.

Appellant filed preliminary objections and a motion to dismiss, challenging the jurisdiction of the court below on two grounds: that the action was not properly commenced and that the Election Code provides an exclusive remedy for the wrongs of which appellee complains. The court below dismissed appellant's preliminary objections and denied her motion to dismiss. This appeal followed.

We need not reach the question of whether the Election Code provides an exclusive remedy. This case should have been dismissed by the court below because it was not properly commenced.

Appellee attempted to begin this action by filing a petition for a rule upon appellant to show cause. Appellee filed no formal complaint or summons in this equity action.

Pennsylvania Rule of Civil Procedure 1007, which is incorporated into the Rules for Equity by Pennsylvania Rule of Civil Procedure 1501 provides as follows: "An action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons,

(2) a complaint, or (3) an agreement for an amicable action."

Nowhere do the rules provide for commencing an action by a petition. Appellee has apparently relied upon Pennsylvania Rule of Civil Procedure 1531(a), which states: "(a) A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require."

However, we agree with the comment in *Goodrich-Amram* Sec. 1531(a), quoted in *Dozer Agency, Inc. v. Rosenberg*, 22 Pa. D. & C. 2d 393 (1960), at pages 394-95: "The purpose of the reference to 'petition' in Rule 1531(a) is to point out that, *after* the action is started by complaint, the plaintiff may file a petition for a 'preliminary or special injunction.' In the complaint, the plaintiff, of course, seeks permanent relief. This he may request by the complaint itself or by a petition supplementary to the complaint. A rule, such as Rule 1531, which is confined only to preliminary injunction practice, cannot regulate the pleadings with respect to permanent relief." (Emphasis in original)

Accordingly, we reach the same result as did the court in *Dozer*. The action having been improperly commenced, appellant's motion to dismiss should have been granted.

With no complaint, summons or amicable agreement to bring this action within the power to act of the

court below, it has no power to make any order whatsoever, including an order allowing the filing of a complaint nunc pro tunc.

Moreover, there was no service of such a "complaint" upon appellant as required by Pennsylvania Rule of Civil Procedure 1009. Therefore, the jurisdiction over the person of the appellant was not established.

Order dismissing appellant's preliminary objection reversed, and case dismissed.