## Dunk v. Manufacturers Light & Heat Co.

*Charles S. Dunk,* in Propria Persona.
*Robert S. Gawthrop, Jr.,* for defendant.

SUGERMAN, *J.,* August 2, 1974—Plaintiffs, Charles S. Dunk and Bella M. Dunk, husband and wife, filed with the prothonotary of Chester County a document styled "Petition for Rule to Show Cause," which document in summary alleges that defendant has emplaced a pipeline on plaintiffs' lands in a location beyond the limits of a right-of-way acquired earlier by defendant. The "Petition" asks the court in essence to direct defendant to remove the pipeline from its present location and replace it within the limits of defendant's right-of-way. Defendant has preliminarily objected to the "Petition" upon a variety of grounds. We need consider only one: A motion to strike on the ground that an action may not be commenced by petition and rule, and inasmuch as plaintiffs here have endeavored to do so, they have thereby failed to conform to a rule of court.

The parties agree that at the time of the filing of the "Petition," no action was pending between them. The petition, then, was and remains the first and only substantive document filed in the action.

It is apparent that the petition seeks equitable relief in the form of a mandatory injunction and

thus sounds in equity.[1] Pa. R.C.P. 1501 provides that the procedure in an action in equity shall be in accordance with the rules relating to the action of assumpsit. Pa. R.C.P. 1007 provides that an action in assumpsit may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons; (2) a complaint, or (3) an agreement for an amicable action. No provision is made to permit an action to be commenced by petition and rule. Accordingly, the document filed by plaintiffs fails to conform to a rule of court and must be stricken: Pa. R.C.P. 1017(b)(2). See also Hartmann v. Peterson, 438 Pa. 291, 265 A. 2d 127 (1970).

## ORDER

And now, August 2, 1974, defendant's motion to strike plaintiffs' petition is granted and the same is hereby stricken.

---

1. The backer affixed to the plaintiffs' petition contains the word "Ejectment" upon it. Even if considered an action in ejectment, rather than one in equity, the result we ultimately reach must be the same: Pa. R.C.P. 1051.