433 A.2d 885

**Philomena FLOCZAK**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1980.

Filed July 24, 1981.

M. George Mooradian, Philadelphia, for appellant.

Charles S. Lieberman, Philadelphia, for appellee.

Before SPAETH, BROSKY and HOFFMAN, JJ.

SPAETH, Judge:

The issue presented in this case is whether a claim for basic work loss benefits under the Pennsylvania No-Fault Insurance Act [1] may be commenced by petition and rule. We hold that it may not be but that it must be commenced by praecipe for writ of summons or a complaint, as provided by Pa.R.C.P. 1007.

 Appellee alleges that on December 18, 1976, she was hurt in an automobile accident, and as a result, incurred $2,326.75 in medical expenses and lost $8,082.90 in wages. She sought recovery under an insurance policy issued by appellant to the driver of the automobile in which she had been a passenger. When appellant failed to compensate her, appellee, on October 30, 1978, filed a petition and rule seeking payment of no-fault benefits, plus interest, attorney's fees, and costs. Appellant filed preliminary objections to the petition, including a motion to strike the petition, pleading that "[p]ursuant to Pa.R.C.P. 1007 the proper method of bringing this action is by Summons or Complaint." (R.R. 6a) The lower court denied the motion to strike, stating:

1. Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101 *et seq.*

It is our view that the intent of the Legislature as expressed in its findings, declared purpose, and provisions for prompt payment of no-fault benefits is to permit a claimant to proceed against an obligor-carrier in a relatively speedy and inexpensive manner to compel prompt payment. The commencement of a claim by petition and rule would accomplish these ends. Slip op. at 8.

We granted appellant's petition for permission to appeal. 42 Pa.C.S.A. § 702(b).

We are unable to accept the lower court's reasoning.[2] Section 106 of the No-Fault Act provides:

Time limitations on actions to recover benefits.—

(1) If no-fault benefits have not been paid for loss arising otherwise than from death, *an action* therefor may be commenced not later than two years after the victim suffers the loss and either *knows*, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, *an action* for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits.

(2) If no-fault benefits have not been paid to the deceased victim or his survivor or survivors, *an action* for survivor's benefits may be commenced not later than one year after the death or four years after the accident from which death results, whichever is earlier. If survivor's benefits have been paid to any survivor, an action for further survivor's benefits by either the same or another claimant may be commenced not later than two years

---

**2.** The lower courts have decided. The judge who decided the present case has also decided *Long v. Rockwood*, 5 Pa.D. & C.3d 457 (1978), *Simonds v. Safeguard Mutual Insurance Company*, 5 Pa.D. & C.3d 467 (1978), and *Brown v. SEPTA*, 5 Pa.D. & C.3d 469 (1978). *Contra* is *Kudia v. Nationwide Insurance Co.*, 67 Lancaster L.Rev. 225 (1980) (BUCHER, J.). As will appear, we agree with the reasoning in *Kudia*; indeed, what we say here adds little if anything to what is said there.

after the last payment of benefits. If no-fault benefits have been paid for loss suffered by a victim before his death resulting from the injury, an action for survivor's benefits may be commenced not later than one year after the death or six years after the last payment of benefits, whichever is earlier. . . .

40 P.S. § 1009.106(c)(1)–(2) (emphasis added).

Although "action" is not defined in the No-Fault Act, it is defined in the Statutory Construction Act, as "[a]ny suit or proceeding in any court of this Commonwealth." 1 Pa.C. S.A. § 1991. So defined, an action must be commenced as provided by the Pennsylvania Rules of Civil Procedure, unless otherwise expressly provided by statute. *Hartmann v. Peterson*, 438 Pa. 291, 265 A.2d 127 (1970); *Commonwealth v. Livingood*, 22 Pa.Cmwlth. 530, 349 A.2d 816 (1976). The rules provide for commencement of an action "by filing with the prothonotary (1) a praecipe for a writ of summons, (2) a complaint, or (3) an agreement for an amicable action." Pa.R.C.P. 1007. The rules do not provide for commencement of an action by petition and rule. Thus, as one authority has stated, "An action may be commenced by petition only when authorized by statute." 1 Goodrich-Amram § 1007: ____, p. 464. The No-Fault Act contains no such authorization. Accordingly, the motion to strike should have been granted.

■ The lower court relied on sections 404 and 405 of the No-Fault Act. These sections do permit proceeding on "application"—which may be read as synonymous with "petition and rule"; however, they do not support but rather contradict the lower court's conclusion.

Article IV of the No-Fault Act is entitled "Examination, treatment and rehabilitation of injured persons; discovery." Section 401 provides that a court may order a claimant to submit to mental or physical examination. Section 402 provides what shall be done with the report of the examination. Section 403 provides for sanctions, if any person refuses to comply with an order entered under section 401 or section 402. Section 405 provides:

**(a) Court order.**—*After a hearing upon application* by any interested person and reasonable notice to all other interested persons, and upon findings supported by evidence, *a court of competent jurisdiction may enter an order determining that an obligor of basic loss benefits applicable to an injury is responsible,* subject to the limits and other terms and conditions of the coverage, for the cost of a specified procedure or treatment for rehabilitation to which the injured person has submitted or does thereafter submit.

**(b) Findings.**—The findings required to support such an order are:

(1) that the specified course of procedure or treatment, whether or not involving surgery, is recognized and acceptable medically or is acceptable nonmedical remedial Christian Science treatment and care;

(2) that it has contributed or will contribute substantially to rehabilitation; and

(3) that the cost of such procedure or treatment is reasonable in relation to its probable rehabilitative effects.

40 P.S. § 1009.404 (emphasis added).

Section 404 provides:

**(a) Court order.**—*After a hearing upon application* by any interested person and reasonable notice to all other interested persons, and upon findings supported by evidence, *a court of competent jurisdiction may enter an order determining that an obligor of basic loss benefits applicable to an injury is responsible,* subject to the limits and other terms and conditions of the coverage, for the cost of a specified course of rehabilitative occupational training that the injured person has taken or does thereafter take.

**(b) Findings.**—The findings required to support such an order are:

(1) that the specified course of occupational training is a recognized form of training and is reasonable and appropriate for the particular case;

(2) that it has contributed or will contribute substantially to rehabilitation; and

(3) that the cost of such training is reasonable in relation to its probable rehabilitative effects.

40 P.S. § 1009.405 (emphasis added).

Thus the legislature made plain its intention to distinguish between commencing an "action" to recover no-fault benefits generally, and filing an "application" for certain forms of treatment. When an "action" to recover no-fault benefits *has been commenced*, within the time limitations imposed by section 106, and it has been determined that there *is* an "obligor" of basic loss benefits," *then*, "upon application," and after hearing, a court may order payment of the cost of rehabilitation treatment, section 404, or of rehabilitation occupational therapy, section 405.

We recognize the lower court's opinion that permitting a claimant to commence an action by petition and rule would be "a relatively speedy and inexpensive manner to compel prompt payment." (Slip op. at 8.) However, even if this is true—and it is not clear that it necessarily is true—a court is not to concern itself exclusively with the speedy disposition of cases. It has other duties, among them the duty of complying with statutory directives. "When the words of statute are clear and free from all ambiguities, the letter of it is not to be disregarded under the pretext of preserving the spirit." 1 Pa.C.S.A. § 1921. Here, the language of the No-Fault Act is clear. Basic loss benefits are to be paid by the insurer, but if they are not, the claimant may bring an "action" within the time limitations provided by section 106. Once a party is determined to be an obligor of basic loss benefits, the claimant may by "application" seek payment of rehabilitative costs. Had the legislature intended that a claim for basic loss benefits could be commenced by an "application"—or a "petition and rule"—it would have said so; it would not have required that it be commenced by an "action." *See Perkins v. Yellow Cab Co.*, 49 Pa.D. & C.2d 297 (Phila.Co.1970) (CAVANAUGH, J.) (had legislature intended to include petition and rule as a means of enforcing

right of action under Support Law, it would have so provided). So far as speedy disposition is concerned: the legislature sought to achieve this, not by permitting a claim to be commenced by petition and rule, but by providing that "[o]verdue payments bear interest at the rate of eighteen per cent (18%) per annum," 40 P.S. § 1009.106(a)(2), and for attorney's fees, 40 P.S. § 1009.107.

Appellee has cited *Pa. Crime Commission Petitions*, 446 Pa. 152, 285 A.2d 494 (1971), and *Commonwealth v. Derry Tp., Westmoreland County*, 10 Pa.Cmwlth. 619, 314 A.2d 874 (1973), but neither case is in point, for in each, the statute in question expressly authorized the use of a petition to enforce an order already issued.

Reversed.