## Weaver v. The Travelers

*Philip H. Baer*, for petitioner.
*John J. Coffey*, for insurer.

LORD, *J.*, March 15, 1982—This matter involves an uninsured automobile passenger's petition to compel court appointment of an arbitrator for defendant, an insurer designated pursuant to the Assigned Claims Plan, in order that petitioner's claim for uninsured motorist benefits may be arbitrated. Because the nature of petitioner's claim is such that no policy of insurance exists, this court concludes that petitioner's claim for uninsured motorist benefits, permissible in light of Tubner v. State Farm Mut. Auto. Ins. Co., 496 Pa. 197 436 A. 2d 621 (1981), must be commenced by filing a complaint in assumpsit or trespass and may not be resolved by arbitration. Accord Floczak v. Nationwide Mut. Ins. Co., 289 Pa. Superior Ct. 438, 433 A. 2d 885 (1981). Moreover, given the substantial and controlling nature of the legal issue before us and

its continual reoccurrence[1], this court is of the opinion that an allowance of an immediate appeal from the order will materially advance the ultimate determination of the matter, and hence this court certifies this matter to the Superior Court: Schimmelbusch v. Royal-Globe Ins. Co., 247 Pa. Superior Ct. 28, 371 A. 2d 1021 (1977).

Petitioner, Dessa Weaver, alleges that she was a passenger in an uninsured motor vehicle which was involved in an accident with another motor vehicle. Petitioner did not have no-fault insurance coverage herself nor did any relative with whom she resided.

Thus, because no immediately identifiable source of benefits existed, petitioner submitted her claim to the Pennsylvania Assigned Claims Plan (hereinafter Assigned Claims Plan) which in turn assigned the claim to a participating insurer, Travelers Insurance Company (hereinafter Travelers). See gener-

---

1. The following cases have raised the identical legal issue raised in this case and the disposition of these cases is in accord with the instant case: Simmons v. Esis, Inc., no. 1762, January term 1982 (order issued March 5, 1982); Boyd v. Esis, no. 1831, January term 1982 (order issued February 25, 1982); Baylis v. Travelers Ins. Co., no. 4165, January term 1982 (order issued March 2, 1982); Abdullah v. Travelers Ins. Co., no. 495, January term 1982 (order issued February 25, 1982); Hawthorne and McDaniels v. Ins. Co. of North America, no. 534, January term 1982 (order issued March 5, 1982). Additionally, this court has considered a similar issue in the context of a petition to appoint an arbitrator on behalf of The Pennsylvania Assigned Claims Plan: Cook v. Pa. Assigned Claims Plan and SEPTA, no. 2289, December term 1981 (order issued February 19, 1982).

Also, this court notes that the Honorable Eugene Gelfand issued an order in a similar case which order allowed a claimant to pursue uninsured motorist benefits through arbitration. Judge Gelfand certified that case to the Superior Court: Gillespie v. Ins. Co. of North America, no. 303, July term 1981, 83 Misc. Docket 13.

ally Pennsylvania No-Fault Act, Act of July 19, 1974, P.L. 489, § 101 et seq., 40 Pa.C.S.A. § 1009.101, 1009.108 (hereinafter No-fault Act). Subsequent to the assignment, petitioner appointed an arbitrator of her choice and requested Travelers to appoint their arbitrator. Travelers refused to comply with petitioner's request.

Travelers refused to appoint an arbitrator because of the absence of a contract of insurance with petitioner providing for the arbitration of an uninsured motorist benefits claim. Thus, Travelers argues the lack of a contractual relationship with petitioner precludes the resolution of her claim by the arbitration process. Travelers' contention is that petitioner must pursue her claims for uninsured motorist benefits by suing for those benefits in the court of common pleas. This court agrees with Travelers' position and, accordingly, denies the petition to appoint an arbitrator.

The Pennsylvania No-fault Act has as its stated legislative policy the providing of a system of "prompt and adequate basic loss benefits" for all motor vehicle accident victims: 40 Pa.C.S.A. § 1009.102(b). To this end, an accident victim to whom no statutorily identifiable source of benefits exists, see 40 Pa.C.S.A. § 1009.204(a)(1)-(4), is entitled to receive basic loss benefits from a participating insurer who becomes obligated pursuant to the Assigned Claims Plan: 40 Pa.C.S.A. § 108(a)(1). The participating insurer, or assignee, becomes obligated to the victim "as if he had issued a policy of basic loss insurance. . . . " 40 Pa.C.S.A. § 1009.108(b).

Moreover, the Supreme Court of Pennsylvania held, in Tubner v. State Farm Mut. Auto. Ins. Co., supra, that section 108(b) of the Assigned Claims Plan, which obligates an assigned insurer to provide basic loss benefits to a qualifying victim, also

includes an obligation to provide uninsured motorist benefits: Tubner, supra, 436 A. 2d at 623. The Tubner Court reasoned that because section 108(b) provides that assigned insurers are obligated as if they have issued basic loss insurance policies and further, since all insurance policies issued in this Commonwealth must include uninsured motorist coverage, an insurance company assigned pursuant to the Assigned Claims Plan must provide in an appropriate case, in addition to basic loss benefits, uninsured motorist benefits.

The narrow issue before this court is how a victim who seeks to recover uninsured motorist benefits from an assigned insurer, with whom the victim has no policy of insurance, proceeds to establish his right to recover those benefits. Simply put, the legal issue before this court is whether a victim seeking to recover "Tubner" benefits must sue in the court of common pleas or proceed in arbitration.

Petitioner, in this matter, and the participating insurer have not entered into a contractual relationship in the traditional sense. Rather, the insurer and petitioner are parties to a statutorily defined relationship. The relationship is set forth in section 108 of the No-fault Act entitled Assigned Claims Plan: 40 Pa.C.S.A. §1009.108. Section 108(b)(2) provides in pertinent part:

(2) The assigned claims bureau shall promptly:

(A) assign each claim for no-fault benefits to an assignee who shall be a participating insurer; and

(B) notify the claimant of the identity and address of such assignee.

Claims shall be assigned so as to minimize inconvenience to claimants. The assignee thereafter has rights and obligations as if he had issued a policy of

basic loss insurance complying with this act applicable to the injury. . . .

Because the relationship between claimant and the participating insurer is defined statutorily and not contractually, this court holds that the standard arbitration provision contained in insurance contracts, applicable when an insured accident victim seeks uninsured motorist benefits from his own insurer, does not apply to an injured passenger who is uninsured and seeking those benefits. The manner in which a claimant seeks to recover "Tubner" benefits is not through arbitration because no arbitration clause and indeed no policy of insurance exists between the parties. Therefore, in this case petitioner must seek to recover the uninsured motorist benefits by filing suit in the court of common pleas.

The recent Superior Court decision of Floczak v. Nationwide Mut. Ins. Co., supra, reached a similar result on a different set of facts. In Floczak, the victim, a passenger, sought to recover by petition and rule basic loss benefits from the driver's insurer. The Floczak court held that a claim for basic loss benefits against an insurer, obligated to provide those benefits pursuant to section 204(a)(3) of the No-fault Act, must be commenced by filing a complaint with the prothonotary: Floczak, supra, 433 A. 2d at 887. This court concludes that Floczak confirms the result reached in this matter.

Petitioner contends, however, that she has a right to pursue her claim in arbitration because Tubner stands for the proposition that a policy of insurance does exist, in fact, between petitioner and the insurance company. Specifically, petitioner relies on section 108(b) of the act, which provides that the assigned insurer "has the rights and obligations as

if he had issued a policy of basic loss insurance complying with this Act." Apparently, petitioner contends that this section of the statute writes a contract between the parties and that this "contract" includes an arbitration clause.

This court does not accept petitioner's expansive reading of Tubner. The Tubner decision revealed a substantive right existing in the No-fault Act available for a victim seeking benefits from an obligor designated pursuant to the Assigned Claims Plan. However, it does not follow that the method by which the claimant is to establish a right to recover these benefits is the same method used by a party who contracted with insurer for similar benefits.

Tubner did not address the issue of how the uninsured motorist benefits were to be recovered.[2] Rather, Tubner merely established in these particular claimants the right to recover. This court concludes that, in light of the absence of a contract between petitioner and Travelers, uninsured motorist benefits must be sought by filing a complaint against the assignee insurer.

This conclusion is buttressed by Article I, Section 6 of the Pennsylvania Constitution which entitles Travelers to trial by jury. This court will not abridge defendants' jury trial right by requiring arbitration without an express provision by the legislature including, as it must, a right to trial by jury de novo. See Pressley v. Fireman's Fund Ins. Co., no. 1002, November term 1980 (opinion by Goldman, J., December 23, 1981).

## ORDER

Now, March 15, 1982, it is hereby ordered and decreed that the petition to appoint an arbitrator is denied.

---

2. This court notes that the claimant in Tubner filed suit to recover uninsured motorist benefits. (Emphasis added.)