459 A.2d 396

**Joann DAMBACHER, a minor, by her parents and natural guardians, William J. and Joann DAMBACHER and Joann Dambacher, a minor, in her own right**

v.

**COMMERCIAL UNION ASSURANCE COMPANIES, Appellant.**

Superior Court of Pennsylvania.

Argued March 3, 1982.

Filed April 15, 1983.

Petition for Allowance of Appeal Granted Nov. 4, 1983.

David M. McCormick, Philadelphia, for appellant.

Gustine J. Pelagatti, Philadelphia, for appellees.

Before WIEAND, BECK and HOFFMAN, JJ.

WIEAND, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County awarding appellees benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act.[1] Appellant argues that the trial court erred when it dismissed preliminary objections to the petition by which appellees attempted to institute the instant action. We are constrained to agree; and, therefore, we reverse the order of the trial court and dismiss the petition without prejudice to appellees' right to institute an action by the filing of a complaint.

On November 3, 1977, fourteen year old Joann Dambacher was seriously and permanently injured when the vehicle in which she was a passenger struck a tree. As a result of these injuries Joann has been rendered a paraplegic and will never regain the use of her limbs. Joann was hospitalized for three months following the accident and was then transferred to Magee Memorial Rehabilitation Center, where she was a patient for four months, before returning home. Pursuant to an insurance policy which had been purchased by Joann's father, appellant, Commercial Union Assurance Companies, paid more than $56,000 in medical bills. However, the appellant insurance company refused to compensate appellees for the expenses which are the subject of the petition in the instant proceedings. This petition, filed October 5, 1979, sought to recover: 1) the value of practical nursing services which appellees, Joann and William Dambacher, rendered for their daughter; 2) the purchase price of a van, specially equipped to accommodate a wheelchair; 3) the cost of home renovations;[2] 4) work loss benefits; 5) reimbursement for transportation costs in-

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq.

2. The renovations included a heated concrete ramp for ingress and egress to the Dambacher's residence, conversion of two rooms into one with a specially designed bath, a stair glide and air-conditioning.

curred in transporting Joann to and from school and various medical facilities; and 6) attorney's fees, costs and interest.[3]

This Court, in *Floczak v. Nationwide Mutual Insurance Company*, 289 Pa.Super. 438, 433 A.2d 885 (1981), has held that an action for no-fault benefits cannot be commenced by petition and rule. Accord: *Jones v. State Automobile Insurance Association*, 309 Pa.Super. 477, 480, 455 A.2d 710, 711 (1983); *Cohen v. Government Employees Insurance Company*, 289 Pa.Super. 319, 322, 433 A.2d 86, 87 (1981). A claimant may proceed by petition and rule *only* where a prior action has been commenced as provided by Pa.R.C.P. 1007. "[T]he legislature made plain its intention to distinguish between commencing an 'action' to recover no-fault benefits generally, and filing an 'application' for certain forms of treatment. When an 'action' to recover no-fault benefits *has been commenced*, within the time limitations imposed by section 106, and it has been determined that there *is* an 'obligor' of basic loss benefits, *then*, 'upon application,' and after hearing, a court may order payment of the cost of rehabilitation treatment, section 404, or of rehabilitation occupational therapy, section 405." *Floczak v. Nationwide Mutual Insurance Company, supra*, 289 Pa.Super. at 444, 433 A.2d at 888 (emphasis in original).

▬ Appellees argue that where an insurer has recognized that it is an "obligor" by providing no-fault benefits at the request of the claimant, the claimant may proceed thereafter by petition and rule for benefits under sections 404 and 405 of the No-Fault Act. Appellees contend that appellant, Commercial Union, had been "previously deter-

---

**3.** The trial court awarded appellees Joann and William Dambacher 1) $74,151.12 for nursing services rendered to their daughter from April 20, 1978 until February 6, 1981, plus interest from November 5, 1979; 2) $16,353.00, plus interest from March 9, 1981, for the purchase of a specially equipped van; 3) $7,745.00 for the cost of a wheelchair lift, to bear interest from March 9, 1981; 4) $20,726.00 for costs of home renovations, to bear interest from March 9, 1981; and 5) $788.55 for transportation expenses to bear interest from March 9, 1981. The court also awarded the daughter $12,130.00, plus interest from November 5, 1979, for work loss benefits during the period from November 8, 1977 to February 19, 1981. Attorney's fees and costs of $7,319.56 were awarded to appellees' counsel.

mined to be an obligor" by virtue of appellant's payment of no-fault, medical benefits. Therefore, they argue, sections 404 and 405 of the Act permit the institution of a proceeding for additional benefits by petition and rule. This argument is unsound. A petition and rule may be used under sections 404 and 405 to recover the costs of occupational therapy and rehabilitation treatment *only* where an action for no-fault benefits was previously "commenced by filing with the prothonotary (1) a praecipe for a writ of summons, (2) a complaint, or (3) an agreement for an amicable action." Pa.R.C.P. 1007. This is consistent with the general rule that an action cannot be commenced by petition; proceeding by petition and rule is permissible only where such proceeding is ancillary to an already pending action. See and compare: *William Garlick & Sons, Inc. v. Lambert*, 446 Pa. 323, 325, 287 A.2d 143, 144 (1972); *Pennsylvania Crime Commission Petitions*, 446 Pa. 152, 159, 285 A.2d 494, 498 (1971); *In re Correction of Official Records with Civil Action*, 44 Pa.Cmwlth. 511, 513, 404 A.2d 741, 742–743 (1979); *Commonwealth, Department of Public Welfare v. Livingood*, 22 Pa.Cmwlth. 530, 533, 349 A.2d 816, 818 (1976); *Butler Area Sewer Authority v. Northwest Sanitary Sewer System Authority*, 3 Pa.Cmwlth. 76, 84, 281 A.2d 87, 91 (1971); *Percival v. City of Philadelphia*, Pa. Cmwlth., 309 A.2d 597, 599 (1973). See also: *Cooney v. Pennsylvania Osteopathic Association*, 434 Pa. 358, 360–361, 253 A.2d 256, 257 (1969) (Cohen, J., dissenting).

This Court, sitting en banc, in *Jones v. State Automobile Insurance Association, supra,* held that an action for benefits under the No-Fault Act may not be commenced by petition and rule, but that the error committed by instituting proceedings in such a manner is a waivable, procedural defect. The insurer in *Jones* had paid appellant, Pauline Jones, work-loss benefits under the provisions of her policy but had subsequently terminated such payments following a physical examination. This Court held that the commencement of the action for further work-loss benefits, interest and attorney's fees by petition and rule was im-

proper, but found that the defect had been waived by appellee's full participation in the proceedings without objection to the manner in which the proceeding had been instituted. The insurer-appellee in *Jones*, as the appellant-insurer in the instant case, had previously provided no-fault benefits to appellant Jones. The insurer, therefore, had conceded that it was an obligor for purposes of the No-Fault Act. The Court in *Jones*, nevertheless, found that commencement of the proceedings for additional benefits, even where no-fault benefits had previously been paid, was improper. While the appellant in *Jones* sought work-loss benefits rather than benefits under sections 404 and 405 of the Act, this distinction is of no significance. *Jones* is determinative of the instant appeal.

 Sections 404 and 405 of the Act provide that proceedings against an obligor for the costs of occupational therapy and rehabilitation treatment can be commenced by petition and rule *only* where an action against the obligor has previously been "commenced by filing with the prothonotary (1) a praecipe for a writ of summons, (2) a complaint, or (3) an agreement for an amicable action." Pa.R.C.P. 1007. Where, as here, an action has been improperly instituted by petition and rule, and the obligor has not waived the defect but has preserved it for appellate review by filing preliminary objections to the manner in which the action was instituted,[4] we are required to dismiss the petition. See: *Floczak v. Nationwide Mutual Insurance Company, supra; Cohen v. Government Employees Insurance Company, supra.*

---

**4.** Exceptions were not filed in the trial court as required by Pa.R.C.P. 1038. Ordinarily, this omission results in a waiver of all issues sought to be raised on appeal. However, "[i]n those no-fault cases now on appeal ... where a final order was entered by the trial court prior to *Floczak, supra,* the failure to file exceptions will be excused." *Jones v. State Automobile Insurance Association, supra,* 309 Pa.Super. at 483, 455 A.2d at 713. We reach the issue of the defective procedure in this appeal because a remand for the filing of exceptions would unnecessarily delay ultimate and inevitable dismissal.

The order of the lower court is reversed and appellees' petition is dismissed without prejudice to their right to commence a proper action against appellant.