499 A.2d 657

**Michael RICCIO and Sandra Riccio, His Wife, Appellants,**

v.

**NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN.**

Superior Court of Pennsylvania.

Argued June 5, 1985.

Filed Oct. 4, 1985.

---

Benjamin Kuby, Philadelphia, for appellants.

James K. Brengle, Philadelphia, for appellee.

Before WICKERSHAM, BROSKY and TAMILIA, JJ.

WICKERSHAM, Judge:

Michael and Sandra Riccio appeal from the order of the Court of Common Pleas of Philadelphia County granting appellee insurance company's preliminary objections.

As a result of a one-car accident that occurred on June 29, 1984, Michael Riccio sustained serious injuries that rendered him a permanent quadriplegic. After the accident, Riccio was taken to Nazareth Hospital and within hours he was transferred to Thomas Jefferson Hospital in Philadelphia, the regional spinal cord injury center. He remained in Jefferson Hospital until November 29, 1984, when he was transferred to Magee Rehabilitation Hospital, where he was still confined at the time this appeal was filed. Mr. Riccio has been informed, however, that the present stage of his rehabilitation is nearing completion and that he must be transferred to a nursing home or to a wheel chair-accessible private residence.

At the time of the accident, Riccio was a passenger in a vehicle owned and operated by Scott L. Surbrook. The Surbrook vehicle was insured under a policy issued by appellee Northwestern National Insurance Company of Milwaukee, Wisconsin. In applying for insurance with North-

western, Mr. Surbrook had chosen a no-fault option plan which provided that the primary source of recovery for benefits, which would otherwise be covered by the no-fault carrier, would be from Blue Cross/Blue Shield.

At the time of the accident neither Michael nor Sandra Riccio owned a motor vehicle or resided in a household in which there was a motor vehicle. Michael Riccio was not and is not covered by Mr. Surbrook's Blue Cross/Blue Shield insurance coverage; neither was Mr. Riccio enrolled in a health insurance program at his place of employment. Mr. Riccio is, however, included as an insured under an HMO PA/NJ plan in which Sandra Riccio is enrolled at her place of employment.

While Northwestern National has paid and presumably continues to pay wage loss benefits to Mr. Riccio, it has steadfastly refused to make payments for Mr. Riccio's medical, hospital, and rehabilitation costs, claiming that under its policy with Surbrook, it was only responsible for excess medical expense not paid by a primary health care provider. The HMO plan has paid Mr. Riccio's medical expenses to the present time; however, it has advised Mr. Riccio and the authorities at Magee that, under its contract, it will not pay for any equipment or care facilities following his discharge from Magee.

On March 5, 1985, appellants filed a Praecipe for Summons which was served on appellee Northwestern National on March 12, 1985. Meanwhile, on March 11, 1985, appellants filed a Petition for Rule to Show Cause why no-fault benefits should not be paid by appellee. Appellee filed preliminary objections to the petition alleging that the petition failed to state a cause of action upon which relief could be granted under sections 404 and 405 of the Pennsylvania No-fault Motor Vehicle Insurance Act.[1] More specifically, appellee objected to the use of a petition and rule to obtain no-fault benefits under sections 404 and 405. Appellee's

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. §§ 1009.101–701.

preliminary objections also averred that the items of expense requested in the petition were not recoverable under those sections of the No-fault Act. After argument, the trial court sustained appellee's preliminary objections and certified the case to this court.

Appellants raise two issues for our consideration:

I. Did the Trial Court err in sustaining Preliminary Objections where the question as to the status of the [Appellee] as an "obligor" under the provisions of the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101 et seq., can be determined as a matter of law in a claim for benefits under Sections 404 and 405 of the Act?

II. Is a Petition and Rule for benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.404–405 a proper procedure where suit has been instituted by a Summons only?

Brief for Appellants at 3.

In their first issue, appellants contend that, in a claim for future rehabilitation and occupational therapy costs under sections 404 and 405 of the No-fault Act, it is proper to institute the action against the alleged obligor by summons, followed by a petition and rule. Appellants further aver that the trial judge who hears the petition and rule has the authority to determine the identity of the obligor in that same proceeding. Appellee argues, however, that the sections of the No-fault Act with which we are concerned require that the identity of the obligor already be established prior to utilization of the petition and rule procedure to obtain benefits.

Sections 404 and 405 of the No-fault Act provide:

**§ 404. Court order; obligor responsibility.**

(a) Court order.—After a hearing *upon application* by any interested person and reasonable notice to all other interested persons, and upon findings supported by evi-

dence, a court of competent jurisdiction may enter an order determining that *an obligor* of basic loss benefits applicable to an injury is responsible, subject to the limits and other terms and conditions of the coverage, for the cost of a specified procedure or treatment for rehabilitation to which the injured person has submitted or does thereafter submit.

(b) Findings.—The findings required to support such an order are:

(1) that the specified course of procedure or treatment, whether or not involving surgery, is recognized and acceptable medically or is acceptable nonmedical remedial Christian Science treatment and care;

(2) that it has contributed or will contribute substantially to rehabilitation; and

(3) that the cost of such procedure or treatment is reasonable in relation to its probable rehabilitative effects.

## § 405.  Court order;  rehabilitative training.

(a) Court order.—After a hearing *upon application* by any interested person and reasonable notice to all other interested persons, and upon findings supported by evidence, a court of competent jurisdiction may enter an order determining that *an obligor* of basic loss benefits applicable to an injury is responsible, subject to the limits and other terms and conditions of the coverage, for the cost of a specified course of rehabilitative occupational training that the injured person has taken or does thereafter take.

(b) Findings.—The findings required to support such an order are:

(1) that the specified course of occupational training is a recognized form of training and is reasonable and appropriate for the particular case;

(2) that it has contributed or will contribute substantially to rehabilitation; and

(3) that the cost of such training is reasonable in relation to its probable rehabilitative effects.

40 P.S. §§ 1009.404—.405 (emphasis added).

■ A claim for basic loss benefits under the No-fault Act may not be commenced by petition and rule. *Floczak v. Nationwide Mutual Insurance Co.*, 289 Pa.Super. 438, 433 A.2d 885 (1981). Thus, while it is clear that a plaintiff may apply for relief under sections 404 and 405 by petition and rule, he or she may do so only where such proceeding is ancillary to an already pending action. *Dambacher v. Commercial Union Assurance Cos.*, 313 Pa.Super. 34, 459 A.2d 396 (1983). As this court stated in *Floczak, supra:*

When an "action" to recover no-fault benefits *has been commenced,* within the time limitations imposed by section 106, and it has been determined that there *is* an "obligor" of basic loss benefits," *then,* "upon application," and after hearing, a court may order payment of the cost of rehabilitation treatment, section 404, or of rehabilitation occupational therapy, section 405.

*Id.,* 289 Pa.Superior Ct. at 444, 433 A.2d at *888* (emphasis in original).

Appellee contends, and the lower court agreed, that, pursuant to *Dambacher, supra* and *Floczak, supra,* an individual may petition for benefits under sections 404 and 405 only after (1) an action has been commenced, and (2) an obligor has been identified. Appellants agree that an action must have been commenced before they could petition for payment under sections 404 and 405. They assert that an action was commenced when they filed the Praecipe for Writ of Summons. For the purpose of addressing this issue, we will assume without deciding that appellants are correct, and that an action has been properly commenced pursuant to the dictates of *Floczak* and *Dambacher.*

■ The main issue in this appeal, therefore, is whether an obligor must be identified before an individual may proceed by petition and rule for benefits under sections 404 and 405, or rather whether the trial court may determine the obligor at the hearing on the petition and rule. We find

that the identity of the obligor must be established prior to the institution of a petition and rule proceeding.

We believe that the most logical interpretation of sections 404 and 405 requires that an obligor already be determined prior to proceeding under those sections. For example, where an insurer has admitted its obligations to an injured party and has paid wage loss and medical benefits to him, that person may "apply" or "petition" for payment of the cost of rehabilitation treatment under section 404 or of rehabilitation occupational therapy under section 405.[2] The only issue that arises from such a petition is whether the treatment or therapy undergone or contemplated by the petitioner is covered under the No-fault Act. Because of the narrow issue presented and the relative ease of determination, such petitions may be disposed of quickly and easily.

In cases such as the one at bar, however, a petition and rule proceeding is inappropriate since the obligor has not been established. Appellants contend that appellee is the obligor and must pay them for the medical expenditures and rehabilitative treatment and therapy incurred as a result of the motor vehicle accident. Appellee contests the fact that it is responsible for these costs. Thus, the petition in this case raises more than the issue of whether the claims therein are recoverable under the No-fault Act. We do not believe that the legislature intended the "application" procedure provided for in sections 404 and 405 to apply to cases such as the one at bar. These sections permit an existing litigant to apply to the court for extraordinary relief against a predetermined obligor for certain, well-defined rehabilitation treatment or therapy. They do not authorize the court to make a finding that a particular insurer is an obligor.

Our decision is supported by *Floczak, supra.* "*Once a party is determined to be an obligor of basic loss benefits,*

2. Of course, as already indicated, the injured party may file such an "application" or "petition" only if an "action" has already been commenced.

the claimant may by 'application' seek payment of rehabilitative costs." *Floczak, supra,* 289 Pa.Super. at 444, 433 A.2d at 888 (emphasis added). *See also Dambacher, supra.* Since it has not yet been determined that appellee is the obligor in the instant case, appellee's preliminary objections were properly granted.

■ Appellants argue that by paying work loss benefits to Mr. Riccio, appellee has admitted it is an obligor for all purposes under the No-fault Act. We disagree. While appellee has acknowledged that it is an obligor as to payment of work loss benefits, *see Dambacher, supra,* it has steadfastly refused to make payments for Mr. Riccio's medical expenses. Furthermore, appellee also contests its responsibility to pay Mr. Riccio's costs for rehabilitative treatment and therapy. Appellee's refusal is based on the clause in Mr. Surbrook's no-fault policy which provides that no-fault coverage is excess over amounts paid or payable by another insurance plan. Thus, appellee should be given an opportunity to present evidence and argument relative to whether or not it is the obligor for the basic loss benefits with which we are concerned.

We note that the dismissal of appellants' petition does not necessarily deny them coverage or put them out of court. We have held only that appellants may not, at this point, proceed by petition and rule; rather, they must continue with a civil action against appellee. Appellants have already filed a summons; they need now only file a complaint requesting payment for expenses pursuant to the No-fault Act.

Thus we find that the trial court properly sustained appellee's preliminary objections and dismissed appellants' petition.[3]

Order affirmed.

3. Because of our disposition of this appeal, we need not address appellants' second issue.