**Keefer v. Central Electric Corporation**

Richard E. Goldinger, for plaintiff.

J. Michael King, for defendant.

KIESTER, S.J., August 31, 1989 — The case was before the court on August 21 for hearing on the preliminary injunction issued August 15, enjoining defendant from withholding electrical service to plaintiff. On August 21 defendant filed preliminary objections to plaintiff's motion for preliminary injunction together with a motion to dissolve preliminary injunction. The court continued the hearing and the injunction until August 24 on condition that plaintiff file a complaint. Plaintiff filed the formal complaint and the court heard the cause of action as averred in the motion and complaint. The court continued the injunction in effect and reserved its decision until on or before September 4, 1989.

## DISCUSSION

Defendant cited the case of *Hartman v. Peterson,* 438 Pa. 291, 265 A.2d 127 (1970) in support of defendant's motions. In a procedural issue which was similar to the one before this court the Pennsylvania Supreme Court held in effect that in absence of service of a complaint upon defendant there was no jurisdiction over defendant.

In the instant case the injunction should not have issued and the court should have sustained the preliminary objections and dissolved the injunction.

If this had occured both defendant and the court recognized that plaintiff could have re-initiated the action. The cause of action is now properly before the court and the court has heard the case on the merits.

Briefly stated, the facts are that defendant discovered that there had been tampering with its service meter. After an investigation defendant concluded that plaintiff had been stealing its electric service by manipulating the meter. Defendant estimated that the loss amounted to $8,000. An information charging theft was filed and plaintiff was held for trial.

Plaintiff is an electrician by trade. He admits that he broke the lock on the meter and states it was for the sole purpose of stopping a buzzing noise emanating from the meter. He denies that he stole electric service. He did not notify defendant of the problem when he broke the lock and entered the meter.

Plaintiff says that he has been using 30 kilowatts of power per day. Defendant's estimate of kilowatts used is considerably higher. One defense witness testified that the watt average use is 500 to 580 kilowatts a month.

Defendant estimated that plaintiff had used in excess of $8,000 worth of power for which defendant had not been paid.

Defendant terminated service to plaintiff and notified plaintiff that service would be resumed upon the deposit of $3,000 on account of arrearages that might be finally determined.

Defendant presented other evidence that convinced defendant that plaintiff had been stealing electric service.

The position of plaintiff briefly stated is that he has not been convicted of theft; that he has paid

his electric bills of $30 to $35 a month; that defendant is a utility (a monopoly) that has a duty to provide service; that the termination of service without a hearing constitutes a violation of constitutional rights to due process; that the action of defendant has been too harsh, arbitrary and that the lack of service is a hardship on plaintiff and his family.

## ISSUE

Does an electric cooperative (a public utility) have the right to terminate service without a hearing on the basis that it made an investigation and concluded that the member/customer was guilty of theft?

If an electric cooperative has the right to terminate service for good cause does it have the duty and right without hearing to fix the conditions upon which it will restore service?

## THE LAW

There appears to be no law directly in point with the case before the court.

Under the Electric Cooperative Corporation Act, effective June 21, 1937, Act 389 of 1937, users of the electric service are eligible for membership in the corporation. Each member has one vote. The business and affairs of the corporation are managed by a Board of Directors elected by the membership. The power to make, alter, amend or repeal the by-laws is vested in the Board of Directors.

The Act of Assembly grants to the co-op all powers necessary, convenient or appropriate to effectuate the purpose for which the co-op is organized.

There is nothing in the act restricting a "co-op" in providing or not providing service or in terminating service.

Attached to defendant's "memorandum of law" is a copy of defendant's "policy number 211, theft of service." The policy therein outlined is the procedure that defendant followed after discovering that there had been tampering with plaintiff's meter. Plaintiff does not dispute the authenticity/existence of policy number 211.

As earlier stated the court has not been presented with either statutory or case law establishing the procedure and standards for a utility terminating service to a customer.

## CONCLUSION

In the opinion of the undersigned plaintiff had the right to demand a hearing and to be heard prior to termination of service. A utility has no right to arbitrarily terminate service without good cause. If this occurred the aggrieved customer would be entitled to relief at law or in equity or both.

Utility service may become a property right as in this factual situation and the customer cannot be deprived of the service without due process of law. The state grants monopolistic powers to a utility and the utility is required to exercise its powers in a fair and reasonable manner.

In the instant case plaintiff demanded no hearing before the management of defendant. Instead plaintiff commenced an equity action in court. Plaintiff has had his due process hearing.

There is no evidence that defendant acted arbitrarily and without good cause. Plaintiff admits tampering with the meter. On the facts before the

court defendant had the right to terminate service and to fix reasonable conditions for the restoration of service. The condition upon which defendant would restore service to plaintiff is fair and reasonable, a payment on account of the loss defendant estimates it sustained.

This proceeding may not end the legal rights and duties of the parties. Plaintiff is being prosecuted in a criminal action. It may be determined in a civil action if any rights of plaintiff have been violated by defendant.

On the facts and under the law defendant had the right to terminate service to plaintiff. There is lacking sufficient ground for the injunction and the injunction will be dissolved.

## ORDER OF COURT

And now, August 31, 1989 after hearing, the injunction is dissolved and the complaint dismissed.