J-S59036-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GOGGIN MOVING, INC., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| THE ESTATE OF JANE MCCARTHY | : | |
| O'BRIEN BY AND THROUGH ITS | : | |
| PERSONAL REPRESENTATIVE, FRANK | : | |
| O'BRIEN, IV, | : | |
| | : | |
| Appellee | : | No. 1012 EDA 2014 |

Appeal from the Order Entered February 27, 2014,
in the Court of Common Pleas of Delaware County,
Civil Division at No(s):  13-9406

BEFORE:  SHOGAN, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:　　　**FILED SEPTEMBER 17, 2014**

Goggin Moving, Inc. (Goggin) appeals from the order entered on February 27, 2014, which denied its petition to enforce a settlement agreement.  We affirm.

The trial court summarized the background underlying this matter as follows.

> Goggin is a Pennsylvania corporation with its principal office located at 2115 Belvedere Avenue, Havertown, Pennsylvania.  In October of 2004, Goggin entered into a contract with Jane McCarthy O'Brien ("Ms. O'Brien") for the storage of items and property in Goggin's storage facility located in Chester County, Pennsylvania.  Ms. O'Brien [died] on April 21, 2012 with her personal property remaining in Goggin's storage facility and arrears due and owing for storage fees.  Probate proceedings for The Estate of Jane McCarthy O'Brien ("the Estate") were commenced in Palm Beach County, Florida on August 9, 2012 where Ms. O'Brien resided and where the

* Retired Senior Judge assigned to the Superior Court.

Estate's personal representative, Frank O'Brien, IV[,] continues to reside.

The original filing in this matter is Goggin's Petition to Enforce [a Settlement Agreement] filed on September 23, 2013. Goggin alleges that the parties established terms for a settlement agreement concerning the arrears allegedly owed to Goggin through several text messages, emails and telephone calls, which terms were ultimately accepted by Arthur O'Brien *via* text message on February 14, 2013. Goggin alleges that the [E]state's personal representative delegated authority to Arthur O'Brien to settle the [E]state's debt with Goggin.

The Estate filed Preliminary Objections on October 15, 2013 arguing that Goggin improperly commenced the action by petition, that the [t]rial [c]ourt lacks jurisdiction over the matter and that the parties did not reach a settlement agreement. Goggin filed an Answer and New Matter to the Estate's Preliminary Objections on November 4, 2013 arguing that the Pennsylvania Rules of Civil Procedure do not allow for preliminary objections to be filed in response to a petition, that it is permissible to commence an action by petition and that jurisdiction is proper in the [t]rial [c]ourt. The Estate filed an Answer to Goggin's Answer and New Matter on December 2, 2013.

The [t]rial [c]ourt held a hearing on Goggin's Petition to Enforce and the Estate's Preliminary Objections on January 27, 2014 and, subsequently, issued the [order dated] February 24, 2014[,] dismissing Goggin's Petition to Enforce pursuant to finding that the action was improperly commenced by petition and that the [t]rial [c]ourt lacks jurisdiction to distribute the assets of a decedent's estate.

Trial Court Opinion, 5/21/2014, at 1-3 (citations omitted).

Goggin timely filed a notice of appeal. The trial court directed Goggin to comply with Pa.R.A.P. 1925(b), and Goggin subsequently filed a 1925(b) statement. In its brief to this Court, Goggin asks us to consider the questions that follow.

1)   Do actions taken by a warehouseman under 13 Pa.C.S. § 7210, *et seq.* ("the warehousemen's lien enforcement statute"), which allows a warehouseman to sell goods stored in their [*sic*] warehouse to recover unpaid storage fees without any court involvement whatsoever, equate, or impliedly equate, to an "action" that allows that warehouseman to enforce a settlement agreement *via* petition, as opposed to [] initiating a lawsuit for breach of contract, when (1) the settlement agreement was entered into to prevent the sale of the goods in the warehouse after the warehouseman began the sale process authorized by 13 Pa.C.S. § 7210, *et seq.* and (2) the warehouseman sold their [*sic*] warehouse after the settlement agreement was reached?

2)   Can a warehouseman, who has not been fully paid in accordance with a contract to store goods in his warehouse and thus has the statutory right to sell those goods to obtain owed but unpaid storage fees under 13 Pa.C.S. § 7210, *et seq.* and who also agrees to accept a settlement offer to forgo his statutory right to sell the goods after beginning actions to enforce those rights, and then subsequently sells their [*sic*] warehouse, proceed *via* a Petition to Enforce Settlement, instead of instituting a civil action for breach of contract, to enforce that settlement?

3)  Must a warehouseman, who, pursuant to 13 Pa.C.S. § 7210, *et seq.* begins to sell goods stored in his warehouse to recover unpaid storage fees, file a lawsuit for breach of contract to enforce a subsequently accepted settlement offer?

Goggin's Brief at 4.

While Goggin purports to present three issues on appeal, he only offers this Court one developed argument.  Goggin's Brief at 8-10. According to Goggin, when Ms. O'Brien passed away, she owed Goggin a substantial amount of money for use of its storage facility.  Goggin maintains that it had a lien against Ms. O'Brien's property stored in its facility and that, pursuant to 13 Pa.C.S. §§ 7201-7210, it could enforce that

lien by selling Ms. O'Brien's property without court intervention. Goggin asserts that it reached a "settlement agreement" with the Estate whereby Goggin would not sell Ms. O'Brien's property in exchange for the Estate paying an agreed upon amount of money. Goggin asserts that it sold its storage facility and that, after it did so, the Estate reneged on its promise to pay Goggin. Thereafter, Goggin filed in the trial court its petition to enforce a settlement agreement.

The trial court dismissed the petition, concluding, *inter alia*, that Goggin improperly attempted to commence an action by petition rather than by properly filing a writ of summons or a complaint. Trial Court Opinion, 5/21/2014, at 4-6. Goggin takes the position that the court erred in this regard. Goggin seems to believe that, because the alleged settlement agreement it reached with the Estate grew out of its statutory right to enforce its lien without court intervention, it was permitted to commence this action by filing a petition instead of a complaint. We disagree.

Goggin seeks damages in the amount of money that the parties allegedly agreed the Estate would pay to Goggin. Thus, Goggin presents a breach of contract cause of action. ***See Sullivan v. Chartwell Inv. Partners, LP***, 873 A.2d 710, 716 (Pa. Super. 2005) ("A breach of contract action involves (1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) damages.").

As this Court has explained,

an action must be commenced as provided by the Pennsylvania Rules of Civil Procedure, unless otherwise expressly provided by statute. The rules provide for commencement of an action "by filing with the prothonotary (1) a praecipe for a writ of summons[ or] (2) a complaint[.] Pa.R.C.P. 1007. The rules do not provide for commencement of an action by petition and rule. Thus, as one authority has stated, "An action may be commenced by petition only when authorized by statute."

*Floczak v. Nationwide Mut. Ins. Co.*, 433 A.2d 885, 887 (Pa. Super. 1981) (citation omitted).[1]

No statute exists that would allow Goggin to commence a breach of contract action by filing a petition to enforce a settlement agreement. Rather, Goggin had to file a writ of summons or a complaint to begin such an action. Thus, we conclude that the trial court properly dismissed the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2014

---

[1] At the time *Floczak* was decided, the Rules of Civil Procedure also allowed a party to file with the prothonotary an agreement for an amicable action. That option has been eliminated from Pa.R.C.P. 1007.